IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GAIL SEAMSTER,
                                                        PLAINTIFF

v.                          CASE NO. 06-2195

C. CLAY ROBERTS, III,
and JANE BERGERT,                                       DEFENDANTS

### ORDER

Plaintiff filed her Complaint in the Circuit Court of Sebastian County alleging negligence by Defendants in handling Plaintiff's product liability case. Defendants removed to this Court. Defendant Roberts is an attorney licensed in Oklahoma and Defendant Bergert is a paralegal in Defendant Roberts' office. This case is now before the Court on Defendants' Motion to Dismiss. (Doc. 8) Defendant Bergert alleges there was insufficient service of process, and Defendant Roberts alleges a lack of personal jurisdiction in the State of Arkansas. Plaintiff has filed a response (Doc. 11) and a Memorandum Brief (Doc. 12) and Defendants have replied (Doc. 13)

A.  Insufficient Service of Process to Defendant Bergert

Defendant Bergert contends she was not properly served as she was served via certified mail in care of Defendant Clay Roberts. Defendant Roberts is not an authorized agent for Defendant Bergert. In her response, Plaintiff apparently agrees Defendant Bergert was not correctly served. However, Plaintiff argues that Defendant Bergert waived her objection to service by joining in the Answer.

Under Rule 12 (b) of the Federal Rules of Civil Procedure, a defendant may make a separate motion regarding a defense of insufficiency of process or assert it in a responsive pleading. Further, "no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Fed. R. Civ. Proc 12(b). An Answer to the Complaint is clearly a responsive pleading. Defendant Bergert did not waive her defense of insufficiency of service of process by setting it out in her answer to the Complaint or by answering the complaint with Defendant Roberts. It is clear that Defendant Bergert was not properly served and, accordingly, the Motion to Dismiss is GRANTED as to Defendant Bergert. However, Plaintiff **will be given until and including the close of business on June 7, 2007** to perfect service on Defendant Bergert.

B.  Personal Jurisdiction over Defendant Roberts

Defendant Roberts, an attorney in Tulsa, Oklahoma, asserts there is no personal jurisdiction over him. Roberts states he has made no appearances in Arkansas, and that any alleged malpractice in this case would have occurred in Oklahoma. Plaintiff alleges Defendant Roberts directed a complaint to be filed in the Circuit Court of Sebastian County, Arkansas and various phone calls and correspondence was made into Arkansas.

In reviewing a motion to dismiss for lack of personal jurisdiction, the court looks first to see whether Arkansas' long-arm statute confers jurisdiction over the defendants. *Sales Serv.,*

*Inc. v. Daewoo Int'l (America) Corp.,* 719 F.2d 971, 972 (8th Cir.1983). If so, we then determine whether the exercise of personal jurisdiction would violate the due process clause of the Constitution. *Austad Co. v. Pennie & Edmonds,* 823 F.2d 223, 225 (8th Cir.1987). Because it is well settled that the Arkansas long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permissible under the due process clause, the court must determine whether the assertion of personal jurisdiction would violate the due process clause.

"In order to constitutionally assert personal jurisdiction over a non-resident defendant, 'traditional notions of fair play and substantial justice' must not be offended." *Austad,* 823 F.2d at 226 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). A defendant must have warning that his activities may result in his being haled into court in a particular jurisdiction and must invoke the benefits and protections of that jurisdiction by purposefully availing himself of the privilege of conducting those activities. *Austad,* 823 F.2d at 226. Supreme Court precedent requires that there be a "substantial connection" between the defendant and the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). Determining whether this standard is met requires the analysis of five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in

providing a forum for its residents; and (5) the convenience of the parties. *Land-O-Nod Co. v. Bassett Furniture Indus.*, 708 F.2d 1338, 1340 (8th Cir.1983). The last two factors are considered less important and are not determinative. *Id.* at 1340.

While mere contact by phone or mail is insufficient to justify the exercise of personal jurisdiction under the due process clause, additional factors in this case gives this court personal jurisdiction over Defendant Roberts. Roberts was referred the underlying case from Arkansas, and according to Plaintiff's affidavits, was seeking to attract additional Arkansas clients. Perhaps most telling is the basis of this suit - a Complaint that Defendants drafted and caused to be filed in Arkansas. These acts satisfy the long arm statute of the State of Arkansas and any due process considerations. *See Sawtelle v. Farrell*, 70 F.3d 1381 (1st Cir.1995) (contacts insufficient to allow exercise of personal jurisdiction in New Hampshire when New Hampshire resident retained Virginia law firm to bring wrongful death action in Florida); *Sher v. Johnson,* 911 F.2d 1357 (9th Cir.1990) (personal jurisdiction was proper because the law firm's compensation was secured by a deed of trust encumbering the plaintiff's home, but stated no personal jurisdiction if a client brought a malpractice action over a Florida law firm in connection with representation in Florida and only the normal incidents of representation were present); *Mayes v. Leipziger,* 674 F.2d 178 (2d Cir.1982) (no personal jurisdiction in New York over a California law firm representing a New York

resident in California litigation); *Kowalski v. Doherty, Wallace, Pillsbury & Murphy,* 787 F.2d 7 (1st Cir.1986) (no personal jurisdiction in New Hampshire over a Massachusetts law firm representing a New Hampshire client in legal matters in Massachusetts). *But see Trinity Indus., Inc. v. Myers & Assocs.,* 41 F.3d 229, 231 (5th Cir.1995) (personal jurisdiction proper in Texas over an Illinois law firm; representation of the Texas client in more than forty matters, including a court appearance in Texas, indicated purposeful availment of the privileges of doing business in Texas); *Keefe v. Kirschenbaum & Kirschenbaum PC,* 40 P.3d 1267 (Colo.2002) (en banc) (personal jurisdiction proper in Colorado over a New York law firm because lawyer "consciously entered into the agreement, with foreseeable consequences" to represent resident of Colorado).

    Accordingly, the Motion to Dismiss is DENIED as to Defendant Roberts and GRANTED as to Defendant Bergert.  Plaintiff has until and including the close of business on June 7, 2007 to serve Defendant Bergert.

IT IS SO ORDERED.

Dated:   May 15, 2007       */s/ Robert T. Dawson*  
                                              Robert T. Dawson  
                                              United States District Judge